IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 12, 2003

## STATE OF TENNESSEE v. WESLEY D. WHITTINGTON

**Direct Appeal from the Circuit Court for Williamson County**
**No. II-202-066-A      Timothy L. Easter, Judge**

------

**No. M2002-01807-CCA-R3-CD - Filed May 16, 2003**

------

Defendant, Wesley D. Whittington, entered guilty pleas to the charges of possession of marijuana with the intent to sell or deliver, a Class E felony, and possession of drug paraphernalia, a Class A misdemeanor. Defendant and the State agreed to sentences of one year for the felony conviction and eleven months and twenty-nine days for the misdemeanor conviction, to be served concurrently. The negotiated plea agreement further stated that the trial court would determine the manner in which Defendant would serve his sentences. Following a sentencing hearing, the trial court ordered Defendant's sentences to be served in confinement. Defendant appeals the trial court's refusal to order alternative sentencing. After a careful review of the record, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Trial Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JOSEPH M. TIPTON, J., joined.

C. Diane Crosier, Franklin, Tennessee, for the appellant, Wesley D. Whittington.

Paul G. Summers, Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; Ronald L. Davis, District Attorney General; and Derek K. Smith, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

At the sentencing hearing, Defendant testified that he was living with his girlfriend, her four children, and her father. He was employed as a roofer. He was the only person in his household who earned an income. He also testified that he had not used marijuana since his arrest in this case in April of 2001. He testified that the marijuana in his possession at the time of the offense belonged to a friend, and Defendant was holding it because the friend thought that he was being watched by the police. Defendant was arrested for simple possession of marijuana in 1999. He was convicted and received a sentence of probation, which he did not successfully complete. He violated his term

of probation by testing positive for marijuana use. He was ordered to serve five days in confinement. One month after completing his term of probation, he was arrested on the charges in this case. Defendant testified that he could pass a drug test on the date of sentencing and that he would never use marijuana again.

The presentence report reveals that Defendant has prior convictions for simple possession of marijuana, driving under the influence, and driving while his license was suspended. In 1996, Defendant was arrested for driving under the influence, but the charge was reduced to reckless driving. Defendant testified at the sentencing hearing that he was under the influence of marijuana at the time of his DUI arrest. Another charge for simple possession of marijuana and an assault charge were retired.

This court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d) (1997). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial court fails to comply with the statutory directives, our review is *de novo* with no presumption of correctness. *State v. Poole*, 945 S.W.2d 93, 96 (Tenn. 1997). The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d) (1997) Sentencing Commission Comments.

A standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6) (1997). This presumption is not available, however, to a defendant who commits the most severe offenses, has a criminal history showing clear disregard for the laws and morals of society, and has failed past efforts at rehabilitation. Tenn. Code Ann. § 40-35-102(5) (1997); *State v. Fields*, 40 S.W.3d 435, 440 (Tenn. 2001).

In determining whether incarceration is appropriate, a trial court may consider the need to protect society by restraining a defendant having a long history of criminal conduct, the need to avoid depreciating the seriousness of the offense, whether confinement is particularly appropriate to effectively deter others likely to commit similar offenses, and whether less restrictive measures have often or recently been unsuccessfully applied to the defendant. Tenn. Code Ann. § 40-35-103(1) (1997); *see also Ashby*, 823 S.W.2d at 169. A court may also consider the mitigating and enhancing factors set forth in Tenn. Code Ann. §§ 40-35-113 (1997) and -114 (Supp. 2002) as they are relevant to the § 40-35-103 considerations. Tenn. Code Ann. § 40-35-210(b)(5) (Supp. 2002); *State v. Boston*, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996). Additionally, a court should consider the defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. Tenn. Code Ann. § 40-35-103(5) (1997); *Boston*, 938 S.W.2d at 438. Finally, sentencing issues must be decided in light of the unique facts and circumstances of each case. *See State v. Taylor*, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987).

The trial court afforded Defendant the presumption that he was a favorable candidate for alternative sentencing. In consideration of whether confinement was an appropriate sentence, the trial court found that measures less restrictive than confinement had recently been applied unsuccessfully to Defendant. Although the trial court found that confinement was not necessary to protect society, Defendant had an extensive history of criminal conduct. The trial court emphasized Defendant's testimony that he could not remember whether judicial diversion was granted in a prior case.

Defendant argues that the State presented no proof that Defendant had not been rehabilitated. The presentence report reveals that Defendant began using marijuana at the age of seventeen, and continued to use it until the age of twenty-seven, at the time of arrest. Defendant used marijuana two or three times daily. Defendant also drinks "maybe a 12-pack" on weekends. Defendant never received drug or alcohol treatment. Defendant presented no proof that Defendant was rehabilitated other than Defendant's own testimony that he was no longer using marijuana.

## CONCLUSION

Having concluded that the trial court properly considered the sentencing principles and all relevant facts and circumstances, we affirm the judgments of the trial court.

_____
THOMAS T. WOODALL, JUDGE